MORGENSTEIN, Respondent, vs. NEJEDLO, Appellant.

*March 17 — April 9, 1891.*

*Assault and battery: Evidence: Justification.*

1. Where, in an action for an assault and battery, there is evidence that, since the plaintiff was struck and his nose injured by defendant, he cannot breathe freely through one nostril, and when he takes cold he is unable to breathe through the other, a physician, testifying as an expert, may be asked the hypothetical question, "What would be the probable effect upon plaintiff should he be unable to breathe through his nose?"

2. Any possible error in rejecting testimony in such action as to threats made by plaintiff against defendant prior to the assault, is cured by the subsequent reception of testimony thereof.

3. Where the assault and battery alleged is clearly proved, in an action therefor, and there is no evidence which, if true, would sustain a finding of justification, it is not error for the court to refuse to submit the question of justification to the jury.

APPEAL from the Circuit Court for *Brown* County.

This action is to recover damages for an assault and battery alleged to have been committed by defendant upon plaintiff. The complaint is in the usual form of complaints in such actions. The answer is (1) a general denial, and (2) *son assault demesne.*

The defendant was in his wagon, driving along a street in Green Bay. The plaintiff was on the sidewalk opposite defendant's wagon, going in the same direction. The de-

fendant accosted the plaintiff, and upbraided him for slanders alleged to have been uttered by him concerning defendant. They moved along side by side for some distance, talking and quarreling. Defendant stopped his team at a street corner, on a cross-walk, where plaintiff desired to cross the street to go to his home. Plaintiff stopped on the sidewalk, having his hands in his pantaloons pockets. Defendant got out of his wagon, and went around the heads of his horses, and on the sidewalk, where plaintiff was standing, pushed him, and immediately struck him one or more blows in the face with his fist, which is the assault and battery complained of. When defendant pushed the plaintiff. the latter still had his hands in his pockets. Plaintiff's nasal bone was broken, and deflected to one side by the blow or blows, and he is unable to breathe freely through one nostril. Such deflection and interruption of respiration seems to be permanent, unless remedied by a surgical operation. The foregoing facts appear from the testimony.

On the trial the court instructed the jury that, on the uncontradicted testimony, the plaintiff was entitled to a verdict, and submitted to them the question of damages only, which the jury assessed at $350. A motion by defendant for a new trial was denied, and judgment entered for plaintiff pursuant to the verdict. Defendant appeals from the judgment.

For the appellant there was a brief by *John C. & A. C. Neville*, and oral argument by *A. C. Neville*. They contended that evidence of threats made by plaintiff against the defendant previous to the assault should have been admitted, upon the questions of both justification and mitigation of damages. *Keep v. Quallman*, 68 Wis. 451; *Fairbanks v. Witter*, 18 id. 287; *White v. Territory*, 3 Wash. Ter. 397; *Coman v. Thompson*, 47 Mich. 22; *Leverich v. State*, 105 Ind. 277; *Galbraith v. Fleming*, 60 Mich. 403; *State v.*

Morgenstein vs. Nejedlo.

*Montgomery*, 65 Iowa, 483. The question put to the physician was based upon an assumption of facts not proved, and was purely speculative and improper. *Smalley v. Appleton*, 75 Wis. 18; *People v. Augsbury*, 97 N. Y. 501; *People v. Millard*, 53 Mich. 63; *Woolner v. Spalding*, 65 Miss. 204; *Louisville, N. A. & C. R. Co. v. Wood*, 113 Ind. 544; *Fraser v. Jamison*, 42 Mich. 208. The defendant had a right to have the question of justification submitted to the jury. *Higgins v. Minaghan*, 76 Wis. 298.

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*.

Lyon, J. Three errors are assigned as grounds for a reversal of the judgment. These will be stated and considered in their order.

1. On the trial, Dr. Brett, a practicing physician and surgeon, who treated the plaintiff professionally for the injuries complained of, was called as a witness by the plaintiff. On his direct examination he was asked, as an expert, what would be the probable effect upon plaintiff should he be unable to breathe through his nose. The question was objected to for the reason that there was no evidence that the blows inflicted by the defendant produced that result. The objection was overruled, and the testimony received. The objection is based on an erroneous view of the testimony. The proof is that since he was struck by defendant the plaintiff cannot breathe freely through one nostril, and before the question was put to Dr. Brett plaintiff testified that when he takes cold he is unable to breathe through the other. The doctor had also testified that such would be the effect of a cold. Hence the hypothetical question to Dr. Brett was based upon the testimony, and the court properly overruled the objection to it.

2. On his direct examination as a witness in his own behalf the defendant was asked whether, before he struck.

plaintiff, he had some quarrel with him, and whether he had been informed a short time before that plaintiff said, " I will fix Nejedlo if it takes me all my life." The court sustained an objection to the testimony. It is not necessary to determine whether the ruling is erroneous, for the reason that on his cross-examination defendant testified that when they were moving along the street and quarreling plaintiff told defendant he was going to fix him, and also that before such time plaintiff threatened to fix him if " it takes as long as he lives." Thus the testimony first rejected was afterwards received, and this cures any possible error in the ruling rejecting it.

3. The remaining error assigned is upon the ruling of the court refusing to submit to the jury the question of justification under the answer of *son assault demesne*. The testimony has been attentively examined, and we fail to find any which, if true, would justify a finding of justification. Under it the jury could not have found that plaintiff intended to attack defendant, or that the latter had any reasonable ground for apprehending such attack. When first struck the plaintiff was standing upon the sidewalk with both hands in the pockets of his pantaloons, and the defendant, who commenced the altercation, and was doubtless very angry, had to leave his wagon and go several feet to get to plaintiff. There was no existing emergency which required him to go to the place where plaintiff was standing. True, a witness testified that plaintiff made a motion to strike defendant, but afterwards explained that this was done by shaking his shoulders,— his hands then being in his pockets. We think no one can read the testimony candidly and intelligently without being convinced by the undisputed facts that the defendant had no reason to fear an attack by plaintiff, and that his attack upon the latter was without legal justification or excuse. Hence we conclude

that the court did not err in refusing to submit the question of justification to the jury.

*By the Court.*— The judgment of the circuit court is affirmed.